UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEORGE SHOUN,            )
    Plaintiff,            )
                          )
v.                       )   CASE NO. 3:14CV463
                          )
BEST FORMED PLASTICS,    )
INC.,                    )
    Defendant.            )

## PLAINTIFF'S COMPLAINT FOR DAMAGES
## AND REQUEST FOR TRIAL BY JURY

### I. INTRODUCTION

1. Plaintiff brings this lawsuit to address violations of his statutory rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA") arising from certain acts, practices, and conduct with respect to her employment with Defendant.

### II. JURISDICTION AND VENUE

2. Within 300 days after the unlawful employment practices as alleged herein occurred, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

3.     In his charge, Plaintiff alleged that Defendant violated the ADA by disclosing confidential information about his medical condition and history to other persons as well as to the public at large by a post on FaceBook.

4.     The EEOC assumed jurisdiction and processed Plaintiff's Charge.

5.     Thereafter, the EEOC issued to Plaintiff, at his request, a Notice of Right to Sue, advising him that he had 90 days to file suit against Defendant.

6.     Plaintiff filed the instant action within the aforementioned 90-day right to sue period.

7.     Plaintiff has exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

8.     The Court has jurisdiction over Plaintiff's cause of action pursuant to 28 U.S.C. §§ 1343, 1331 as it arises under the laws of the United States.

9.     Venue in this district is proper under 28 U.S.C. § 1391(b) as the events giving rise to this action occurred in this judicial district.

### III. PARTIES

10.    Plaintiff George Shoun is an individual who resides in the town of Contantine, Michigan.

11.    Defendant is a corporation doing business in the City of Elkhart, located in Elkhart County, Indiana and is engaged in an industry affecting commerce which had

more than Twenty (20) employees for each working day in each of Twenty (20) or more calendar weeks in each calendar year relevant hereto.

### IV.  CAUSE OF ACTION

12. On March 9, 2013, Shoun was injured in an accident at work that arose out of and in the course of his employment with Defendant.  He made a claim for worker's compensation benefits that included medical care and treatment under Ind. Code 22-3-3-4 and temporary total disability under Ind. Code 22-3-3-7.

13. As a consequence of Shoun's worker's compensation claim, Defendant made inquiries about his ability to perform job-related functions and in the process acquired information about his medical condition and history.  Defendant was obligated to treat this information as confidential and to refrain from disclosing it to other persons under 42 U.S.C.A. §12112(d)(4)(C).

14. Jane Stewart ("Stewart") was an officer of Defendant and was acting within the course and scope of her employment.

15. Stewart maintained a Facebook page for Defendant's benefit;

16. Stewart's Facebook page was, and continues to be, linked to her business email address.  To broaden Defendant's network within the business community of northeastern Indiana and southern Michigan, Stewart actively promoted and disseminated her email address on business cards, stationary, and chamber of commerce

websites; and by doing so, Stewart broadened the reach of her Facebook page to other business men and women, both inside and outside Elkhart County, Indiana.

17. On February 19, 2013, Stewart posted the following statement on her Facebook page about the Shoun's work related injury and kept it on display for 76 continuous days:

> Isn't (sic) amazing how Jimmy experienced a 5 way heart bypass just one month ago and is back to work, especially when you consider George Shoun's shoulder injury kept him away from work for 11 months and now he is trying to sue us.
> Love for everyone to hear the real truth!  What a loser!

18. Defendant's disclosure of information about Shoun's medical condition and history to other persons violated of 42 U.S.C.A. §12112(d)(3)(B) & (C).

19. As a direct and proximate result of Defendant's intentional discriminatory conduct, Shoun sustained damages, including loss of employment; the impairment of his earning capacity; and emotional distress, humiliation, and mental pain and suffering, all of which will be proven at the trial of this action.

20. Defendant's discriminatory conduct exhibited a willful and/or reckless indifference to Plaintiff's federally protected right to be free from disability discrimination.

21. Plaintiff has been required to retain an attorney to prosecute this action.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and grant him the maximum relief allowed by law, including, but not limited to punitive

and compensatory damages, attorneys' fees, costs of this action, pre- and post-judgment interest and for all other relief proper within the premises.

## JURY DEMAND

Plaintiff, by counsel, demands this cause be tried to a jury.

*/s/ Patrick O'Leary*

Patrick F. O'Leary #10274-20
KeyBank, Suite 210
221 North Main Street
P.O. Box 556
Goshen, IN  46526-0556
Phone: 574-534-9722
Email: pfolearylaw@aol.com

Attorney for Plaintiff