UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GEORGE SHOUN, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-463 RLM |
| BEST FORMED PLASTICS, INC., | ) | |
| Defendant | ) | |

OPINION AND ORDER

George Shoun brought suit against his former employer, Best Formed Plastics, Inc., under the Americans With Disabilities Act, 42 U.S.C. §§ 12112(d)(3)(B), 12112(d)(3)(C), & 12112(d)(4)(C), alleging that Jane Stewart, acting on behalf of Best Formed Plastics, Inc., wrongfully disclosed confidential information about his medical condition to other people via a post on Facebook. Mr. Shoun claims that action resulted in a loss of employment, impairment of his earning capacity, emotional distress, humiliation, and mental pain and suffering. Best Formed Plastics has filed a motion to dismiss Mr. Shoun's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and a motion asking the court to take judicial notice of certain state court records. Both motions are ripe for review.

*Facts*

Mr. Shoun alleges in his amended complaint that in March 2012[1] he fell and injured his left shoulder while on the job at Best Formed Plastics and spent several months away from work recovering. Jane Stewart, who processed worker's compensation claims for the company, prepared an accident report for the incident and notified the company's insurer. Mr. Shoun says that between March and August 2012, Ms. Stewart monitored his medical treatment for the company and so learned the nature and extent of his injury. Mr. Shoun maintains Ms. Stewart and Best Formed Plastics were obligated to treat his medical information as confidential and refrain from disclosing the information to others as required by the confidentiality provisions of the ADA.

Mr. Shoun reports that in February 2013, Ms. Stewart posted the following on her Facebook page: "Isn't [it] amazing how Jimmy experienced a 5 way heart bypass just one month ago and is back to work, especially when you consider George Shoun's shoulder injury kept him away from work for 11 months and now he is trying to sue us." Mr. Shoun claims Ms. Stewart's Facebook page is linked to her business email address and available to the business communities in northeastern Indiana and southern Michigan. The quoted statement remained on Ms. Stewart's Facebook page for 76 days.

Mr. Shoun asserts that Ms. Stewart's posting of the statement was a "deliberate disclosure of [his] medical condition to other persons" in violation of

---

[1] The amended complaint mistakenly states that Mr. Shoun was injured in March 2013.

the ADA. Amd. Compl., ¶ 20. He claims, too, that Ms. Stewart "acted with the intent to expose him to public scorn and ridicule and to blacklist him among prospective employers within her broad network." Amd. Compl., ¶ 21. Mr. Shoun seeks compensatory and punitive damages, pre-judgment interest, attorney fees, and costs.

Best Formed Plastics moves to dismiss Mr. Shoun's complaint because, first, the company can't be liable for violating the ADA's confidentiality provisions when Mr. Shoun voluntarily disclosed his medical condition to the public and, second, Mr. Shoun hasn't alleged any tangible injury that resulted from the alleged ADA violation.

*Motion to Dismiss Standard*

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (*citing* Bell Atlantic

3

Corp v. Twombly, 550 U.S. at 556). The allegations of the complaint "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

*Discussion*

Section 102 of the Americans With Disabilities Act provides that any information relating to a medical condition of an employee obtained by an employer during "voluntary medical examinations, including voluntary work histories, which are part of an employee health program available to employees at that work site," 42 U.S.C. § 12112(d)(4)(B), must be "collected and maintained on separate forms and in separate medical files and [be] treated as a confidential medical record." 42 U.S.C. § 12112(d)(3)(B); *see also* 42 U.S.C. § 12112(d)(4)(C) (making requirements of 42 U.S.C. § 12112(d)(3)(B) applicable to 42 U.S.C. § 12112(d)(4)(B)). To state a claim for violation of the ADA's confidentiality provisions, a plaintiff must allege that his employer obtained his medical information through employment-related medical examinations and inquiries, the information obtained through such means was disclosed by the employer rather than treated as confidential (unless that information falls under one of the exceptions found in 42 U.S.C. § 12112(d)(3)(B)(i), (ii), (iii), none of which are alleged here), and he suffered a tangible injury as a result of the disclosure.

4

Franklin v. City of Slidell, 936 F. Supp. 2d 691, 711 (E.D. La. 2013); Flamberg v. Israel, No. 13-62698-CIV, 2014 WL 1600313, at *4 (S.D. Fla. Apr. 21, 2014).

Best Formed Plastics argues that Mr. Shoun's amended complaint should be dismissed because Mr. Shoun voluntarily and publically disclosed his medical condition in the complaint he filed in the Elkhart Superior Court before Ms. Stewart's alleged disclosure of that same information. The company asks the court to take judicial notice of Mr. Shoun's state court complaint, a request to which Mr. Shoun hasn't objected. "Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment" if the facts are "readily ascertainable from the public court record and not subject to reasonable dispute." Ennenga v. Starns, 677 F.3d 766, 773-774 (7th Cir. 2012); *see also* FED. R. EVID. 201(b). Mr. Shoun's complaint meets those requirements. Because the state court complaint "is offered to show what was stated to the court rather [than] for the truth of the matter asserted," Felty v. Driver Solutions, LLC, No. 13 C 2818, 2013 WL 5835712, at *2 (N.D. Ill. Oct. 30, 2013) (internal quotation and citation omitted), the court grants the motion to take judicial notice of Mr. Shoun's Elkhart Superior Court complaint.

Best Formed Plastics notes that Mr. Shoun filed his state court complaint on February 14, 2013 and Ms. Stewart posted her comment on her Facebook page five days after Mr. Shoun's public disclosure of his medical condition. Thus, the company says, Mr. Shoun voluntarily publicized his medical condition outside the context of an authorized employment-related medical examination or inquiry prior

5

to Ms. Stewart's Facebook comment, so Ms. Stewart's alleged disclosure was nothing more than a mere recitation of facts previously disclosed to the public by Mr. Shoun. Best Formed Plastics concludes that based on Mr. Shoun's voluntary disclosure, the company can't be liable for violating the ADA's confidentiality provisions, and Mr. Shoun isn't entitled to the relief he seeks.

The cases relied on by Best Formed Plastics support the company's argument that an employee's voluntary disclosure of medical information outside the context of an authorized employment-related medical examination or inquiry can render the confidentiality requirements of the ADA inapplicable to the employer, but in those cases the plaintiff-employees volunteered their medical information to their employer or a co-employee. *See* <u>EEOC v. C.R. England, Inc.</u>, 644 F.3d 1028, 1048 (10th Cir. 2011) (confidentiality provisions of ADA not violated because employee had "voluntarily disclosed to [employer's human resources manager] that he was HIV-positive"); <u>Cash v. Smith</u>, 231 F.3d 1301, 1307 (11th Cir. 2000) ("[T]he disclosure that Cash complains of was not of the result of an examination ordered by [his employer], but of a voluntary disclosure that Cash made to Smith[, his supervisor]."); <u>EEOC v. Thrivent Financial for Lutherans</u>, 795 F. Supp. 2d 840, 846 (E.D. Wis. 2011) (because employee voluntarily disclosed his medical history to his managers, not in response to a medical inquiry, the information was not subject to ADA confidentiality requirements); <u>Kingston v. Ford Meter Box Co., Inc.</u>, No. 3:07-CV-270, 2009 WL 981333, at *10-*11 (N.D. Ind. Apr. 10, 2009) (no violation of ADA confidentiality

6

provisions where plaintiff disclosed his medical condition to his supervisors when he wasn't required to do so).

Neither side has alleged or argued that Mr. Shoun voluntarily disclosed his medical information to Ms. Stewart or anyone else at Best Formed Plastics; instead, Mr. Shoun alleges that Ms. Stewart acquired information about his medical condition through an employment-related medical inquiry by the company and then wrongfully disclosed that information. Whether Ms. Stewart gained knowledge of Mr. Shoun's medical condition solely within the context of his employment-related medical examination is a question of fact not appropriate for resolution in a motion to dismiss. *See* GT Performance Group, LLC v. Koyo USA Corp., No. 4:12-cv-83, 2013 WL 4787329, at *4 (S.D. Ind. Sept. 6, 2013) ("When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, . . . the court must only examine the complaint and not the merits of the lawsuit."); Cannon v. Burge, No. 05 C 2192, 2006 WL 273544, at * 21 (N.D. Ill. Feb. 2, 2006) ("In deciding a motion to dismiss, . . . the court cannot weigh the facts."). Mr. Shoun has set forth facts sufficient to allege a violation of the confidentiality provisions of the ADA and the motion of Best Formed Plastics to dismiss for failure to state a claim will be denied.

Best Formed Plastics also moves to dismiss the amended complaint based on its claim that Mr. Shoun hasn't alleged any tangible injury. The court can't agree. Mr. Shoun has alleged that as a result of Ms. Stewart's actions, "prospective employers refused to hire him," Amd Compl., ¶ 21, and he suffered emotional

injury, both of which have been recognized as tangible injuries under the ADA. *See* Griffin v. Steeltek, 160 F.3d 591, 595 (10th Cir. 1998) (denying dismissal based on finding that plaintiff had "sufficiently alleged . . . an injury in fact, specifically that Steeltek did not hire [him] as a result of his responses to the impermissible questions"); EEOC v. Ford Motor Credit Co., 531 F. Supp. 2d 930, 942 (M.D. Tenn. 2008) ("The plaintiff has alleged . . . that Mr. Doe suffered shame, embarrassment, and depression as a result of the disclosure of his [medical condition] to his coworkers. These are tangible injuries."); Green v. Joy Cone Co., 278 F. Supp. 2d 526, 537 (W.D. Pa. 2003) ("Injury-in-fact encompasses both actual damages in the form of emotional, pecuniary, compensative, or otherwise, as well as the presence of a continuing illegal practice."). Dismissal on this basis is inappropriate.

Based on the foregoing, the court GRANTS the renewed motion to take judicial notice [docket # 13] and DENIES the motion to dismiss the amended complaint [docket #14].

SO ORDERED.

ENTERED:   June 23, 2014

                                          /s/ Robert L. Miller, Jr.
                                          Judge, United States District Court