UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GEORGE SHOUN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-463 RLM |
| | ) | |
| BEST FORMED PLASTICS, INC., | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Best Formed Plastics, Inc. has filed a motion to reconsider the court's June

23, 2014 denial of its motion to dismiss George Shoun's amended complaint. Mr.

Shoun has filed his objection to the motion, and Best Formed Plastics filed its

reply. For the reasons that follow, the court denies the motion.

Federal Rule of Civil Procedure 54(b) allows a court to reconsider a non-final

order "at any time before the entry of a judgment adjudicating all the claims and

all the parties' rights and liabilities." *See* Moses H. Cone Mem. Hosp. v. Mercury

Constr. Corp., 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is

subject to reopening at the discretion of the district judge."); Sandifer v. U.S. Steel

Corp., No. 2:07-CV-443, 2010 WL 61971, at *1 (N.D. Ind. Jan. 5, 2010) ("[A]

motion to reconsider an interlocutory order may be entertained and granted as

justice requires."). Reconsideration of an order might be proper "when there has

been a significant change in the law or facts since the parties presented the issue

to the court, when the court misunderstands a party's arguments, or when the

court overreaches by deciding an issue not properly before it." <u>United States v. Ligas</u>, 549 F.3d 497, 501 (7th Cir. 2008). A party seeking reconsideration bears a heavy burden. <u>Caine v. Burge</u>, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012).

Best Formed Plastics contends the court erred in not granting its motion to dismiss Mr. Shoun's amended complaint. According to the company, the court patently misunderstood and failed to address its argument that Mr. Shoun waived the confidentiality of his medical information when he filed his state court complaint. Best Formed Plastics says the undisputed facts show that Mr. Shoun disclosed his medical condition in his state court complaint, and because he filed that complaint five days before Ms. Stewart posted information about his medical condition on Facebook, Mr. Shoun waived his right to claim that his medical information was confidential.

The court disagrees with the premise of Best Formed Plastic's argument: that to state an actionable claim under 42 U.S.C. § 12112(d)(3)(B), Mr. Shoun must allege facts showing that at the time of the defendant's alleged disclosure, the medical information he provided to the company was "confidential" in the sense of being secret or unknown to the world at large. Such a reading would ignore the plain language of the statute. *See* <u>Sebelius v. Cloer</u>, __ U.S. __, __, 133 S. Ct. 1886, 1896 (2013) ("[W]hen [a] statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms."). 42 U.S.C. § 12112(d)(3)(B) requires that medical information obtained by an employer from an employee via "medical

examinations and inquiries" be collected and maintained on separate forms in separate medical files, be treated as a "confidential medical record," and be disclosed only in limited circumstances (that aren't applicable here). In guaranteeing the confidentiality of medical information gathered by an employer and restricting the use of that information, the ADA requires the employer to keep as "confidential" (meaning that the employer can't disclose it) any medical information it acquired through a medical examination or inquiry; the statute doesn't require that the information provided by the employee be "confidential" in the sense that no one other than the employee and the employer know about it. *See* 42 U.S.C. §§ 12112(3)(B), 12112(3)(C), 12112(4)(C).

Mr. Shoun alleges that Best Formed Plastics, through Ms. Stewart, gathered medical information from him and monitored his medical treatment between March and August 2012 in connection with his worker's compensation claim. Under the statute's plain language, all medical information gathered by Best Formed Plastics and Ms. Stewart in that context was required to be treated as a "confidential medical record." 42 U.S.C. §§ 12112(d)(3)(B), 12112(d)(4)(C); *see also* Franklin v. City of Slidell, 936 F. Supp. 2d 691, 711 (E.D. La. 2013) ("[T]he employer is required to treat any information regarding the medical condition or history of an employee that the employer obtains from a medical examination or inquiry authorized under Section 12112(d) as a confidential medical record, subject to certain limited exceptions."); EEOC v. Thrivent Financial for Lutherans, 795 F. Supp. 2d 840, 843 (E.D. Wis. 2011) ("Employers may make inquiries into

the ability of an employee to perform job-related functions, but medical information obtained from such inquiries is subject to specified confidentiality requirements."); <u>Flamberg v. Israel</u>, No. 13-62698, 2014 WL 1600313, at *4 (S.D. Fla. Apr. 21, 2014) ("Flamberg alleges that a supervisor ordered him to see a mental-health professional in relation to concerns that Flamberg was 'mentally unstable.' Information arising from such inquiries must be treated as confidential."). That information was "confidential" in the sense that the law prohibited Best Plastics from disclosing it.

Mr. Shoun's complaint alleges that Ms. Stewart wrongfully disclosed his medical information, *i.e.*, information she obtained through the company's inquiries about his medical treatment for a work-related injury. Whether Ms. Stewart learned of Mr. Shoun's medical condition solely through Best Formed Plastics' employment-related medical inquiries or learned that information outside the context of those inquiries presents a question of fact not appropriate for resolution in a motion to dismiss. *See* <u>EEOC v. C.R. England, Inc.</u>, 644 F.3d 1028, 1046-1047 (10th Cir. 2011) ("Disclosure of confidential information obtained through an authorized medical or inquiry would constitute a violation of § 102(d) and could give rise to a claim under the ADA."); <u>Franklin v. City of Slidell</u>, 936 F. Supp. 2d 691, 711 (E.D. La. 2013) ("A plaintiff cannot succeed on a claim under Section 12112(d) unless the employer obtained the medical information that was disclosed through an entrance exam or disability-related inquiry."); *see also* <u>EEOC v. Thrivent Financial for Lutherans</u>, 700 F.3d 1044, 1046 (7th Cir. 2012) ("The

district court found that Thrivent learned of Messier's migraine condition outside the context of a medical examination or inquiry. Therefore, the confidentiality provisions of 42 U.S.C. § 12112(d)(3) did not apply, and the district court granted summary judgment. . . .[W]e agree that Thrivent did not learn about Messier's migraine condition as the result of 42 U.S.C. § 12112(d) 'medical examinations and inquiries.' Consequently, Thrivent had no duty to treat its knowledge of Messier's migraine condition as a confidential medical record, and we affirm the judgment of the district court.").

Ms. Stewart allegedly posted Mr. Shoun's medical information on a social media site. If Ms. Stewart took that information from Best Plastics' confidential records, Best Plastics could be liable to Mr. Shoun. Maybe Best Plastics won't be liable because Ms. Stewart took the information from the complaint Mr. Shoun filed in court — but that's not what the complaint alleges.

A review of the June 23 opinion and order convinces the court that it considered the company's waiver argument and that questions of fact exist as to whether Mr. Shoun waived his ability to prevail on his confidentiality claim. *See* Cortes-Devito v. Village of Stone Park, 390 F. Supp. 2d 706, 712 (N.D. Ill. 2005) ("[I]n a motion to dismiss we do not weigh the strength of the evidence, rather we test the sufficiency of the allegations. See *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (stating it "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support its

claims")). Because denial of the company's motion to dismiss was proper, the court DENIES the motion to reconsider [docket # 19].

SO ORDERED.

ENTERED:   August 26, 2014

     /s/ Robert L. Miller, Jr.
Judge, United States District Court