UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE SHOUN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:14-CV-463 RLM |
| ) | |
| BEST FORMED PLASTICS, INC., ) | |
| ) | |
| Defendant ) | |

OPINION and ORDER

This cause is before the court on the motion of Best Formed Plastics, Inc. to compel plaintiff George Shoun to respond to the company's first set of interrogatories and first set of requests for production of documents propounded to Mr. Shoun on February 27, 2015. Best Formed Plastics filed its motion to compel on May 4, 2015; Mr. Shoun hasn't filed a response, and the time for doing so has passed.

Best Formed Plastics reports that Mr. Shoun's responses were initially due on April 1. When no responses were received by that date, Best Formed Plastics says its counsel contacted Patrick O'Leary, Mr. Shoun's counsel, and agreed to Mr. O'Leary's April 9 request to extend the response deadline to April 20, and agreed again on April 24 to his request to extend the deadline to April 30. When no responses were forthcoming, Best Formed Plastics moved to compel pursuant

to Federal Rule of Civil Procedure 37(a), together with its certification of its efforts to confer with opposing counsel. Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a).

Federal Rule of Civil Procedure 26(b)(1) provides that a party can obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Best Formed Plastics says it submitted its discovery requests to Mr. Shoun in February and, to date, has received no responses, even after having given Mr. Shoun more time to comply with the requests. Because Mr. Shoun hasn't challenged the company's claim that he hasn't answered any of the propounded interrogatories or produced any of the requested documents, he hasn't objected to any of those discovery requests, and he hasn't responded to the motion to compel, the court finds the company's motion to be well-taken and concludes that it should be granted.

Best Formed Plastics also requests that Mr. Shoun be required to pay the fees and expenses the company has incurred in bringing this motion. Federal Rule of Civil Procedure 37(d) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion, the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Such an order is excused if "the failure was substantially justified or other circumstances make an award of expenses unjust," neither of which is present here. Fed. R. Civ. P. 37(d)(3). No objection to the motion to compel was filed, so the court can't assess whether the

failure to cooperate in discovery and to respond to the motion is the fault of the plaintiff or his counsel. The court must grant Best Formed Plastic's motion for fees and expenses and order that the amount of the sanction awarded to the company be shared by Mr. Shoun and Mr. O'Leary jointly.

Accordingly, the court GRANTS Best Formed Plastics' motion to compel discovery [docket # 57] and

> (1) ORDERS Mr. Shoun to provide his answers to interrogatories and the requested documents to counsel for Best Formed Plastics within ten days of this date, and

> (2) AFFORDS Best Formed Plastics twenty days to submit an itemization of the attorney's fees and expenses it incurred in bringing this motion.

SO ORDERED.

ENTERED:  June 4, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court