UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE SHOUN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-CV-463 RLM |
| | ) |
| BEST FORMED PLASTICS, INC., | ) |
| | ) |
| Defendant | ) |

OPINION and ORDER

On June 4, the court granted the motion to compel of defendant Best Formed Plastics, Inc. and also granted the company's motion for fees and expenses. Because the court was unable to assess whether the failure to cooperate in discovery and respond to the motion to compel was the fault of the plaintiff or his counsel, plaintiff George Shoun and his attorney Patrick O'Leary were ordered to jointly share payment of the sanction award. Best Formed Plastics has filed its bill of costs, the plaintiff filed his objections, and the company its reply.

Best Formed Plastics seeks $1,085.00 in attorneys' fees incurred in filing its motion to compel. As the party seeking fees, Best Formed Plastics bears the burden of demonstrating that its fee request is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Jeffboat, LLC v. Director, Officer of Workers' Compensation Programs, 553 F.3d 487, 489 (7th Cir. 2009). The starting point for establishing the amount of a reasonable fee is to determine the number of hours

reasonably expended and then multiple that figure by a reasonable hourly rate; hours that were not "reasonably expended" should be excluded. Hensley v. Eckerhart, 461 U.S. at 433-434.

Best Formed Plastics supports its fee request with an itemized statement of the hours spent on the motion to compel, together with affidavits of the attorneys who worked on the motion: Bradford Shively, who reports that he has been a member of the Indiana bar since 2008, is a partner with the law firm of Sanders Pianowski, LLP, and has a standard billing rate of $250.00 per hour; and Jonathan Slabaugh, who represents that he has been a member of the Indiana bar since 2009, is an associate with the law firm of Sanders Pianowski, LLP, and has a standard billing rate of $200.00 per hour. Both attorneys say their hourly rates are within the range of rates charged by other attorneys in the Elkhart-South Bend area with similar skills and experience and, so, are reasonable, and are the rates they are charging Best Formed Plastics for their work on this case. They also say that the hours spent on the motion to compel (Mr. Shively, 0.9 hours; Mr. Slabaugh, 4.3 hours) accurately reflect the work they performed, with no duplication of efforts. "Once the petitioning party provides evidence of the proposed fees' reasonableness, the burden shifts to the other party to demonstrate the award's unreasonableness." Wachovia Securities, LLC v. Banco Panamericano, Inc., 674 F.3d 743, 759 (7th Cir. 2012).

Mr. Shoun hasn't challenged the affidavit statements of Mr. Shively or Mr. Slabaugh relating to the reasonableness of their hourly rates, but, instead, claims that because he never contested or objected to the company's discovery requests, the time spent by counsel on the motion to compel was excessive. According to Mr. Shoun, "[w]hen the responding party does not contest his opponent's entitlement to the information sought, 4 hours of attorney research and memorandum drafting is excessive. Under the circumstances, 1 hour is reasonable." Resp., at 2. Mr. Shoun also asks that any sanction awarded in this case be imposed as a setoff against the state court judgment he obtained in February 2015 against Best Formed Plastics in Elkhart Superior Court No. 4 Cause No. 20D04-1302-PL-000025. Mr. Shoun provides no support for either request.

*Hourly Rates*

"An attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as a reasonable rate." Parish v. City of Elkhart, No. 3:07-CV-452, 2011 WL 1360810, at *4 (N.D. Ind. Apr. 11, 2011). Defense counsel set forth their hourly rates as $250 for work performed by a partner and $200 for work by an associate and say that those are the rates they charge to Best Formed Plastics for the work they are doing on this case. Mr. Shoun and Mr. O'Leary haven't objected to those rates. Based on the range of rates approved in other cases in the

3

Northern District of Indiana, the court finds the rates of Messrs. Shively and Slabaugh to be reasonable. *See, e.g.,* Romines v. Vitran Express, Inc., No. 1:14-CV-28, 2014 WL 4830173, at *2 (N.D. Ind. Sept. 29, 2014) (approving hourly rates of $235 and $315 for preparing motion to compel); Davis v. Lakeside Motor Co., Inc., No. 3:10-CV-405, 2014 WL 3341033, at *3 (N.D. Ind. July 7, 2014) ($315 per hour approved for attorney in Northern District of Indiana); Illiana Surgery & Medical Center, LLC v. Hartford Fire Ins. Co., No. 2:07-cv-3, 2011 WL 6056603, at *3 (N.D. Ind. Dec. 6, 2011) (hourly rates of $250 for associates and $400+ for partners found reasonable for Indianapolis attorneys).

*Hours Claimed*

Defense counsel's statement of hours expended includes 4.1 hours for preparing and filing Best Formed Plastics' motion to compel and supporting documents. Mr. Shoun says spending 4.1 hours of time on the motion to compel is excessive – he claims one hour of time should have been sufficient to prepare those documents because he never objected to the defendant's entitlement to the information sought. Mr. Shoun's claim, however, ignores the reason the motion to compel had to be drafted and filed – he didn't respond to any of the defendant's discovery requests despite having been given extra time to do so, which also negates his claim that the defense should have somehow known that he wasn't contesting the company's entitlement to the information sought.

Mr. Shoun provides no support for his statement that preparation of the documents at issue should have taken one hour. It is reasonable that an attorney could spend a morning or afternoon drafting and filing the documents here at issue – a motion, a brief setting forth the facts giving rise to the motion with properly supported arguments (and attachments including copies of the propounded interrogatories and requests for production of documents and the correspondence between counsel), a certificate of good faith efforts to resolve the matter without court intervention, N.D. Ind. L.R. 37-1, and a proposed form of order, N.D. Ind. L.R. 5-4(c). *See* <u>Chapel Ridge Investments, LLC v. Petland Leaseholding Co., Inc.</u>, No. 1:13-CV-146, 2015 WL 1349952, at *2 (N.D. Ind. Mar. 25, 2015) (approving 10.60 hours of attorney time for preparation of a motion to compel); <u>Heneghan v. City of Chicago</u>, No. 09 C 759, 2010 WL 3715142, at *2 (N.D. Ill. Sept. 14, 2010) (concluding that "a first year associate spending slightly over five hours on an eight page motion to compel is reasonable"); <u>Vision Center Northwest, Inc. v. Vision Value, LLC</u>, No. 3:07-CV-183, 2008 WL 4529664, at *2 (N.D. Ind. Oct. 8, 2008) (6.3 hours to prepare motion to compel found reasonable). Thus, the court concludes that 4.1 hours wasn't an excessive amount of time to spend on the motion to compel.

*Setoff*

Lastly, Mr. Shoun requests that any sanction entered in this case be considered a setoff against his state court judgment against Best Formed Plastics. The company objects, arguing that a setoff is improper because no mutuality of debt exists between the discovery sanction in this case and the judgment in the state court action.

Mutuality of debt doesn't appear to exist in these circumstances. "Mutuality requires that the debt in question be owed in the same right and between the same parties standing in the same capacity." Meyer Medical Physicians Group, Ltd. v. Health Care Serv. Corp., 385 F.3d 1039, 1041 (7th Cir. 2004). The moneys owed by Mr. Shoun to Best Formed Plastics in this case result from a sanction entered against Mr. Shoun and Mr. O'Leary, jointly, while the moneys owed to Mr. Shoun by Best Formed Plastics result from a judgment entered in favor of Mr. Shoun in the Elkhart Superior Court. Mr. Shoun says he is "entitled to the immediate payment" of that state court judgment, while Best Formed Plastics says the Elkhart County judgment is "non-final." Thus, the offsetting obligations don't involve the same parties and, while valid, might or might not be enforceable at this time. *See* In re Doctors Hosp. of Hyde Park, Inc., 337 F.3d 951, 955 (7th Cir. 2003) ("[M]utuality is satisfied when the offsetting obligations are held by the same parties in the same capacity (that is, as obligor and obligee) and are valid and enforceable."). Because the facts don't establish a mutuality of debt, Mr. Shoun's

request to permit his portion of the discovery sanction in this case to be considered a setoff to his state court judgment against Best Formed Plastics must be denied.

*Conclusion*

Based on the foregoing, the court GRANTS Best Formed Plastics' attorney fee request in the amount of $1,085.00, with the amount of that sanction to be shared equally by Mr. Shoun and Mr. O'Leary. In an effort to avoid further delay, the court denies Best Formed Plastics' request that it be permitted to submit a supplemental bill of costs for the expenses it incurred in filing a reply to Mr. Shoun's response to the initial bill of costs. *See* Sottoriva v. Claps, 617 F.3d 971, 975 (7th Cir. 2010) ("In considering the reasonableness of an attorney's fees award, we are mindful of the Supreme Court's admonition that '[a] request for attorney's fees should not result in a second major litigation.'") (*quoting* Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); Robinson v. City of Harvey, 489 F.3d 864, 872 (7th Cir. 2007) ("the desirability of avoiding 'a second major litigation' strictly over attorneys' fees is high") (*quoting* Herbst v. Ryan, 90 F.3d 1300, 1304 (7th Cir. 1996)). A hearing on the pending summary judgment motion will be scheduled under separate order after consultation with counsel.

SO ORDERED.

ENTERED:   August 6, 2015

                              /s/ Robert L. Miller, Jr.
                            Judge, United States District Court